**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **JESSIE LEE BROWN,** | : | |
| | : | |
| **Plaintiff,** | : | **NO. 4:26-CV-01251-CDL-CHW** |
| **VS.** | : | |
| | : | |
| **Doctor S. THOMAS, *et al.*** | : | |
| | : | |
| **Defendants.** | : | |

**<u>DISMISSAL ORDER</u>**

*Pro se* Plaintiff Jessie Lee Brown, an inmate incarcerated at the Muscogee County Jail in Columbus, Georgia, has filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff seeks leave to proceed *in forma pauperis*. ECF No. 2. However, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed *in forma pauperis* is therefore **DENIED** and this complaint is **DISMISSED without prejudice** for the reasons set forth below.

**ANALYSIS**

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis:*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a

prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.* The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed more than forty prior federal lawsuits and at least three of his complaints have been dismissed as frivolous or malicious or for failure to state a claim.[1] *See, e.g., See, e.g., Brown v. Abbot*, Case No. 4:03-cv-00108-BAE (S.D. Ga. June 1, 2004) (dismissing pursuant to 28 U.S.C. § 1915A(b)(1)); *Brown v. McLane*, Case No. 7:03-cv-00101-HL-RLH (M.D. Ga. Jan. 13,

[1] The Georgia Department of Corrections online offender query system shows that Plaintiff spells his first name both as "Jessie" and as "Jesse" and that he has other aliases as well. https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp (searched "Brown, Jessie") (last visited October 30, 2026) (showing known aliases include "Brown, Jesse Lee," Brown, Jessie Lee," and "Brown, Jessie A."). The Court has confirmed that Plaintiff has filed cases under the first names "Jesse" and "Jessie" by cross-referencing PACER records with Plaintiff's Georgia Department of Corrections identification numbers, Georgia Department of Corrections case numbers, and Muscogee County Sheriff's Office online jail records. *See id.*; https://portal-gamuscogee.tylertech.cloud/app/JailSearch/#/search (searched "Jessie Brown") (last visited October 30, 2026).

2004) (dismissing as frivolous); *Brown v. Nix*, Case No. 7:03-cv-00098-HL-RLH (M.D. Ga. Jan. 6, 2004) (dismissing as frivolous and pursuant to 28 U.S.C. § 1915(g)); *Brown v. Nance*, Case No. 4:01-cv-00127-HL (M.D. Ga. Oct. 19, 2001) (adopting recommendation to dismiss for failure to state claim); *Brown v. Mitchell,* Case No. 4:24-cv-00144 (M.D. Ga. Mar. 17, 2025) (dismissing as malicious for abuse of the judicial process for failure to truthfully disclose litigation history and pursuant to 28 U.S.C. § 1915(g)); *Brown v. Countryman,* Case No. 4:25-cv-00276 (M.D. Ga. Dec. 22, 2025) (adopting recommendation to dismiss for failure to state a claim and pursuant to 28 U.S.C. § 1915(g)). Additionally, Plaintiff has further been identified as having three strikes in multiple other federal lawsuits where he was denied leave to proceed *in forma pauperis* under § 1915(g) and the cases were dismissed. *See, e.g., Brown v. Ezell*, Case No. 4:06-cv-00121-CDL (M.D. Ga. Oct. 23, 2006); *Brown v. Stracker,* Case No. 4:12-cv-00260 (M.D. Ga. Oct. 3, 2012); *Brown v. Owens,* Case No. 1:14-cv-00177 (S.D. Ga. Nov. 10, 2014); *Brown v. Owens,* Case No. 7:14-cv-00170 (M.D. Ga. Dec. 5, 2014); *Brown v. Lynch,* Case No. 4:20-cv-00053 (M.D. Ga. Sep. 30, 2020); *Brown v. Thomas,* Case No. 4:20-cv-00098 (M.D. Ga. Jan. 14, 2021); *Brown v. Kemp,* Case No. 4:25-cv-00037 (M.D. Ga. Mar. 25, 2025); *Brown v. Mobley,* Case No. 4:26-cv-00481 (M.D. Ga. Apr. 15, 2026); *Brown v. Peters,* Case No. 4:26-cv-00976 (M.D. Ga. July 8, 2026); *Brown v. Countryman,* Case No. 4:26-cv-00750 (M.D. Ga. July 15, 2026); *Brown v. Forte,* Case No. 4:26-cv-00992 (M.D. Ga. July 15, 2026); *Brown v. Ga. Dept. of Human Services,* Case No. 4:26-cv-00519 (M.D. Ga. Aug. 6, 2026); *Brown v. Shivers,* Case No. 4:26-cv-00888 (M.D. Ga. Aug. 19, 2026); *Brown v. Countryman,* Case No. 4:26-cv-01018 (M.D.

Ga. Aug. 19, 2026).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff complains that Defendant Thomas has not responded to an open records request for medical records. ECF No. 1 at 4. He also complains that jail personnel failed to forward to the Court a § 1983 complaint he drafted in July 2026. *Id.* at 7. Lastly, Plaintiff asserts that Defendant Watty "stated in the presen[ce] of other[] officer doing clean up of cells … that he got something for [Plaintiff] and that he can sleep in the cell [Plaintiff] sleep[s] in." *Id.* at 9. Plaintiff perceived Defendant Watty's statement as a threat. *Id.* Plaintiff requests a pre-trial hearing "concerning this complaint of July 2026 that never reached the Court" as well as an Order from the Court directing Defendant Thomas to abide by the "Open Records Act" and for jail

personnel to give him his inmate account statement. *Id*. at 8, 10-11.

Nowhere in Plaintiff's complaint does he provide any facts suggesting that he is in imminent danger of suffering any serious physical injury. First, jail personnel's handling of Plaintiff's paperwork does not place him in imminent danger. Second, "[t]he Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *Pittsley v. Warish,* 927 F.2d 3, 7 (1st Cir.1991). So it follows that allegations of "verbal abuse alone [are] insufficient to state a constitutional claim". *Hernandez v. Fla. Dep't of Corr*., 281 F. App'x 862, 866 (11th Cir.2008); *see also Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir.1989) (internal quotation marks and citation omitted) ("In addition, we note that a petitioner must allege more than that he has been subjected to verbal taunts . . . [h]owever distressing in order to make a claim that jailers have violated their duty of protection or deprived the petitioner of his constitutional rights.").

Therefore, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."); *see also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of *in forma pauperis* motion and dismissing complaint

under § 1915(g)). Accordingly, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED** and this action is **DISMISSED without prejudice**.

**SANCTIONS WARNING**

Plaintiff is a vexatious litigant that has filed a dozen non-meritorious *in forma pauperis* lawsuits that often raise duplicative claims and all have been dismissed. *See Brown v. Darington,* Case No. 4:25-cv-00253 (M.D. Ga. Jan. 5, 2026) (dismissed pursuant to § 1915(g) after a finding of no imminent danger); *Brown v. Mobley,* Case No. 4:26-cv-00481 (M.D. Ga. Apr. 15, 2026) (same); *Brown v. Peters,* Case No. 4:26-cv-00976 (M.D. Ga. July 8, 2026) (same); *Brown v. Countryman,* Case No. 4:26-cv-00750 (M.D. Ga. July 15, 2026) (same); *Brown v. Forte,* Case No. 4:26-cv-00913 (M.D. Ga. July 15, 2026) (same); *Brown v. Forte,* Case No. 4:26-cv-00992 (M.D. Ga. July 15, 2026) (same *Brown v. Ga. Dept. of Human Services,* Case No. 4:26-cv-00519 (M.D. Ga. Aug. 6, 2026) (same); *Thrasher, et.al. v. Countryman,* Case No. 4:26-cv-00846 (M.D. Ga. May 26, 2026) (dismissed for improper joinder of *pro se* prisoner plaintiffs and as an impermissible class action); *Brown v. Countryman,* Case No. 4:26-cv-00289 (M.D. Ga. July 23, 2026) (dismissed for failure to obey Court orders); *Brown v. Countryman,* Case No. 4:25-cv-00276 (M.D. Ga. Dec. 22, 2025) (dismissed for failure to state a claim and pursuant to § 1915(g)) after a finding of no imminent danger); *Brown v. Shivers,* Case No. 4:26-cv-00888 (M.D. Ga. Aug. 19, 2026) (same); *Brown v. Countryman,* Case No. 4:26-cv-01018 (M.D. Ga. Aug. 19, 2026) (same).

Plaintiff is hereby cautioned that the continuous filing of duplicative suits or frivolous and vexatious pleadings can lead to sanctions from this Court. The Eleventh

Circuit has explained that "[a]ccess to the courts is unquestionably a right of considerable constitutional significance," but it is " 'neither absolute nor unconditional.' " *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). "Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons. Frivolous and vexatious law suits threaten the availability of a well-functioning judiciary to all litigants." *Id.* Accordingly, "district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants." *Id.* These restrictions may include but are not limited to dismissals for abuse of the judicial process or a monetary penalty or a prohibition against future *pro se* filings pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See e.g.*, *Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 514-16 (11th Cir. 1991) (upholding a district court sanction barring future civil actions without prior approval of the court for a plaintiff with a history of frivolous and vexatious litigation); ECF No. 15 in *Daker v. Ward*, case # 5:22-cv-340-MTT-CHW (permanently enjoining an abusive litigant from filing any lawsuit in the United States District Court for the Middle District of Georgia without first posting a $1,500.00 contempt bond in addition to paying the required filing fee); ECF No. 5 in *Allen v. Williams*, case # 5:25-cv-213-TES-CHW (sanctioning abusive filer for a period of one year by barring him from any and all future *pro se* actions without obtaining prior judicial approval).

**SO ORDERED,** this 4th day of November, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE